IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| CHARLES B. SMITH,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN DAUGHERTY, DJ GODFREY, CARLA STRETZEL, and DEPARTMENT OF CORRECTIONS,<br><br>Defendants. | CV-20-00074-H-CCL<br><br><br><br>ORDER |

Plaintiff Charles Smith, a state prisoner proceeding without counsel, filed a Motion to Proceed in Forma Pauperis (Doc. 1) and a proposed Complaint (Doc. 2) pursuant to 42 U.S.C. § 1983 alleging Defendants failed to reimburse him for money used by other inmates on his phone card in violation of his due process rights secured by the Fourteenth Amendment to the United States Constitution.

The Court will grant the motion to proceed in forma pauperis but because Mr. Smith's allegations fail to state a federal claim upon which relief may be granted, this matter will be dismissed.

## I. MOTION TO PROCEED IN FORMA PAUPERIS

Mr. Smith's Motion to Proceed in Forma Pauperis and account statement are sufficient to make the showing required by 28 U.S.C. § 1915(a). (Doc. 1.) The

1

Court will grant the request to proceed in forma pauperis but since Mr. Smith is a prisoner, he must still pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will waive the initial partial filing fee required under 28 U.S.C. § 1915(b)(1) because Mr. Smith submitted an account statement showing an inability to pay that fee. *See Bruce v. Samuels*, 577 U.S. 82, 84 (2016)("the initial partial filing fee may not be exacted if the prisoner has no means to pay it, § 1915(b)(4)"). Mr. Smith may proceed with the case, but he must pay the full filing fee in installments and make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by statute and cannot be altered. 28 U.S.C. § 1915(b)(2). Mr. Smith must make these monthly filing-fee payments simultaneously with the payments required in any other cases he has filed. *Id.*

By separate order, the Court will direct the facility where Mr. Smith is currently incarcerated to forward payments from Mr. Smith's account to the Clerk of Court each time the account balance exceeds $10.00, until he has paid the filing fee in full. 28 U.S.C. § 1915(b)(2).

## II. SCREENING STANDARD

Mr. Smith is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. § 1915 and § 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis

and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a)(2). That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not

3

entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id. citing* Fed.R.Civ.P. 8(a)(2).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

### III. SCREENING ANALYSIS

Prisoners have a protected interest in their personal property. *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). An authorized, intentional deprivation of property (one carried out pursuant to established state procedures) is actionable under the Due Process Clause. *Hudson v. Palmer*, 468 U.S. 517, 532, n. 13 (1984) (*citing Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982)); *Piatt v. McDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985). On the other hand, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson*, 468 U.S. at 533. The Montana Tort Claims Act, Mont. Code Ann. §§ 2-9-101, et seq., provides an adequate post-deprivation remedy. *See*, e.g., Mont. Code Ann. § 2-9-101(1) (2007). Additionally, "the Due Process Clause is [ ] not implicated by a negligent act of an official causing unintended loss of or injury to...property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986).

At most, Mr. Smith has alleged an unauthorized intentional deprivation of his property. Mr. Smith's remedy lies with the adequate post-deprivation remedy provided by the Montana Tort Claims Act.

Accordingly, the Court issues the following:

**ORDER**

1. Mr. Smith's Motion to Proceed in Forma Pauperis (Doc. 1) is

GRANTED.

2. The Clerk shall edit the text of the docket entry for the Complaint (Doc. 2) to remove the word "LODGED."

3. This matter is DISMISSED for failure to state a federal claim.

4. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

5. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

6. The Clerk of Court is directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Mr. Smith has failed to state a claim upon which relief may be granted.

7. At all times during the pendency of this action, Mr. Smith must immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

DATED this 27th day of January, 2021.

_____
CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE